**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PIPE LINE EMPLOYERS HEALTH AND WELFARE FUND 1125 Seventeenth Street, N.W. Washington, D.C. 20036,<br>       Plaintiff,<br><br>    v.<br><br>CONTRACTORS RENTAL CORPORATION 75 West 3rd Avenue Huntington, West Virginia 25701<br><br>  Serve: Registered Agent<br>      Douglas Reynolds<br>      75 West 3rd Avenue<br>      Huntington, West Virginia 25701<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **C O M P L A I N T**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

**(TO COLLECT CONTRIBUTIONS AND DAMGES DUE TO EMPLOYEE BENEFIT FUND)**

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

**PARTIES**

1. Plaintiff, Board of Trustees of the International Union of Operating Engineers and Pipe Line Employers Health and Welfare Fund ("Health and Welfare Fund") is an employee benefit plan as that term is defined in Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3). The Health and Welfare Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Health and Welfare Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The Health and Welfare Fund transacts its business at 1125 Seventeenth

Street, N.W., Washington, D.C. 20036.  The individual members of the Board of Trustees are designated fiduciaries in accordance with the Health and Welfare Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

2.     Defendant, Contractors Rental Corporation is a West Virginia corporation that has a place of business at 75 West 3rd Avenue, in Huntington, West Virginia 25701, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001a.

## JURISDICTION AND VENUE

3.     This is an action to collect contributions due to an employee benefit plan under the terms of a collective bargaining agreement and for equitable relief.  This Court has subject matter jurisdiction of this action under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. § § 1132(a)(3), (g) and 1145.

4.     This Court has personal jurisdiction over the Defendant pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

5.     Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

6.     Defendant has been bound to and signatory at all relevant times to the National Pipe Line Agreement that governs the wages, benefits and terms and conditions of employment of apprentices and journeymen performing work covered by the Agreement.

7. Pursuant to the Agreement, Defendant agreed to pay certain sums of money to the Plaintiff for each hour worked by employees of the Defendant performing work covered by the Agreement.

8. Between the period of January 2015 through December 2017, Defendant employed employees performing work under the Agreement.

9. During the period of January 2015 through December 2017, the Defendant failed to pay all contributions owing to the Plaintiff.

10. Pursuant to the Plaintiff's Restated Agreements and Declarations of Trust, an employer who fails to pay required contributions is liable for liquidated damages in the amount of 20% of the total contributions owed.

11. Pursuant to the Plaintiff's Restated Agreements and Declarations of Trust an employer who fails to pay required contributions is liable for interest at the rate of 9% per annum.

12. Pursuant to the Plaintiff's Restated Agreements and Declarations of Trust an employer who fails to pay required contributions is liable for all attorneys' fees, audit fees and costs.

13. The Plaintiffs will seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages, audit costs and attorneys' fees and costs which become due, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

## COUNT I

### (UNPAID CONTRIBUTIONS AND DAMAGES TO EMPLOYEE BENEFIT FUND PURSUANT TO AUDIT FINDINGS)

14. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 13 as if fully set forth in this Count I.

15. In November 2018 Calibre CPA Group PLLC completed a payroll audit of the records supplied by the Defendant for various job locations associated with Employer Identification Number 14008 for the period of January 2015 through December 2017 for work performed under the Agreement within the jurisdictions of International Union of Operating Engineers Local Union Nos. 18, 37, 66, 103, 132, 181, 324, 465, 520, and 841.

16. The results of the audit revealed that during the period of January 2015 to December 2017, the Defendant failed to pay contributions owing to the Plaintiff under the Agreement in the total amount of $21,606.65 for the audited job locations.

17. The Defendant failed to pay the amount of contributions owing to the Plaintiff as revealed by the audit.

18. By virtue of the failure to pay all amounts as contractually required, the Defendant is in contravention of the Agreement, the obligations under the Plaintiff's Restated Agreements and Declarations of Trust, and Section 515 of ERISA.

19. The Defendant has failed to pay liquidated damages and interest for unpaid contributions owed to the Plaintiff, as well as the cost of the audit.

20. The Plaintiff is entitled to judgment for all remaining contributions owed, plus all unpaid liquidated damages and interest owed on the unpaid contributions, plus attorneys' fees, costs and audit fees against the Defendant.

**WHEREFORE,** Plaintiff prays judgment against the Defendant on Count I of the Complaint as follows:

A. For unpaid contributions due and owing to the Plaintiff for work performed on the audited accounts during the months of January 2015 to December 2017 in the amount of $21,606.65 for employer number 14008.

B. For such contributions, interest and liquidated damages that may accrue and/or are found to be due and owing to the Plaintiffs subsequent to the filing of this Complaint, during the pendency of this action, and up to the date of judgment pursuant to the Agreements, Restated Agreement and Declaration of Trust and/or 29 U.S.C. § 1132(g)(2).

C. For liquidated damages and interest for any unpaid contributions owed as provided for in the Plaintiff's Restated Agreements and Declarations of Trust and pursuant to 29 U.S.C. § 1132(g)(2) up to the date of judgment.

D. For costs, audit fees and reasonable attorneys' fees as required by 29 U.S.C. § 1132(g)(2) and the Plaintiff's Restated Agreements and Declarations of Trust up to the date of judgment.

E. Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: <u>November 15, 2019</u>  By: /s/ Charles W. Gilligan
             Charles W. Gilligan (Bar No. 394710)
             **O'DONOGHUE & O'DONOGHUE LLP**
             5301 Wisconsin Avenue, N.W., Suite 800
             Washington, D.C. 20015
             Telephone: (202) 362-0041
             Facsimile: (202) 237-1200

*Attorney for the Plaintiffs*

## **CERTIFICATE OF SERVICE**

    I hereby certify that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 15th day of November, 2019 on the following:

> The Office of Division Counsel
> Associate Chief Counsel (TE/GE) CC:TEGE
> Room 4300
> 1111 Constitution Avenue
> Washington, DC  20224
>
> Secretary of Labor
> 200 Constitution Ave., N.W.
> Washington, DC  20210
>
> Attention:  Assistant Solicitor for
>            Plan Benefits Security

                                                /s/ Charles W. Gilligan
                                                    Charles W. Gilligan